■ The People of the State of New York, Respondent, v Nyeen Adams, Also Known as Adams Nyeen, Appellant. [688 NYS2d 1] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered May 9, 1996, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

Even when examined in a light most favorable to defendant, there was no reasonable view of the evidence, including the evidence presented by defendant in his offer of proof, that defendant used deadly physical force in defense of his nephew, who was inside an apartment, far from the street where the deadly altercation occurred. Therefore, the court properly precluded the evidence offered by defendant to support his claim of defense of a third party and declined to deliver a justification charge under that theory (*see, People v Miller*, 39 NY2d 543; *People v Arzu*, 240 AD2d 217, *lv denied* 90 NY2d 938).

Since defendant, after the court sustained the prosecutor's objections to certain questions, "simply proceeded to another subject, never calling to the trial court's attention the purpose of the question[s], or disputing the People's claim that [they were] irrelevant, or in any way attempting to call the court's attention to the nature of the alleged error" (*People v George*, 67 NY2d 817, 819; *see also, People v Lyons*, 81 NY2d 753), defendant has not preserved his claim that his cross-examination was unduly restricted and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in limiting collateral and cumulative questioning (*see, People v Melcherts*, 225 AD2d 357, *lv denied* 88 NY2d 881).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Wallach, Rubin and Andrias, JJ.