■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YUSUF SPARKS, Appellant. [17 NYS3d 423]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered January 14, 2014, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.

The court properly exercised its discretion in modifying its Sandoval ruling based on defendant's trial testimony (see People v Fardan, 82 NY2d 638, 645-647 [1993]). The court had originally precluded the prosecutor from identifying a particular conviction as anything beyond an unspecified felony. However, when defendant testified, it became clear that there was a suspicious similarity, probative under the circumstances of the case, between the facts of defendant's own prior crime, and the conduct he was now attributing to the victim. Furthermore, the court had warned defendant, prior to opening statements, that his testimony might open the door to a modified Sandoval ruling.

The court properly denied defendant's request for a justification charge, since there was no reasonable view of the evidence, viewed in the light most favorable to defendant, to sup-

port that charge (*see People v Watts*, 57 NY2d 299, 301-302 [1982]). Even under the version of the events contained in defendant's testimony, any conduct by the victim that might have been a basis for a justification defense had abated by the time defendant committed the assault.

The court also properly admitted defendant's spontaneous statements made to police (*see People v Rivers*, 56 NY2d 476, 479-480 [1982]). The record supports the court's finding that these statements were not the product of interrogation or its functional equivalent.

In any event, in light of the overwhelming evidence against defendant, any errors regarding the *Sandoval* modification, the denial of a justification charge, and the suppression ruling were harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). The record fails to support defendant's assertion that, in determining defendant's sentence, the court improperly considered conduct for which defendant had been acquitted. We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.