■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT COLASUONNO, Appellant. [23 NYS3d 179]—

Judgment, Supreme Court, Bronx County (James M. Kindler, J.), rendered June 17, 2014, convicting defendant, after a jury trial, of attempted assault in the first degree, and sentencing him to a prison term of four years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

The jury acquitted defendant of attempted murder in the second degree and assault in the first degree, but found him guilty of attempted first-degree assault, arising out of the stabbing of his cousin. Justification was a central issue at trial, and, because of the defect in the court's charge, it is impossible to discern whether acquittal of the top count was based on the jury's finding of justification in a manner that would mandate acquittal on the lesser count.

Considered as a whole, the court did not adequately convey the principle that, if the jury found defendant not guilty of the top count of attempted murder in the second degree on the basis of justification, it should not consider any lesser counts to the extent based on the same conduct (*see People v Velez*, 131 AD3d 129, 134 [1st Dept 2015]; *People v Feuer*, 11 AD3d 633 [2d Dept 2004]; *People v Roberts*, 280 AD2d 415, 416 [1st Dept 2001], *lv denied* 96 NY2d 906 [2001]). As the People note, the court did instruct the jury to separately analyze the justification defense for each stab wound the complainant sustained, and if the jury found defendant justified in inflicting any particular injury, to acquit him of any charges based on infliction of that injury. Nevertheless, the verdict sheet directed the jury to consider each charge in the alternative, i.e., upon an acquittal of each greater offense, and neither the verdict sheet nor the court's explanation of its contents referred to justification. Furthermore, the court charged, "[I]t's an element of each [of the counts] 'that the defendant was not justified,' which may have led the jurors to conclude that deliberation on each crime required reconsideration of the justification defense, even if they had already acquitted the defendant of the top count . . . based on justification" (*Velez*, 131 AD3d at 133). Thus, the charge as a whole never adequately conveyed that, if the jury found that defendant was not guilty of attempted murder on the basis of justification, it was not to consider any lesser counts based on the same conduct.

Although there is evidence from which a jury could find a second unjustified confrontation, no different result is warranted on these facts. If the People's evidence is credited, there

was an initial confrontation, in which the complainant was the aggressor, and defendant may have wielded the knife in self-defense, followed by a second confrontation in which defendant became the aggressor, and pursued and stabbed the by-then-injured complainant. Thus, the jury could have found the first confrontation to be justified, warranting acquittal of the top count, while finding the second confrontation to be unjustified, warranting conviction of the lesser count. Nevertheless, the defense presented a contradictory version of events that was largely consistent with the People's case as to the initial confrontation but omitted the second confrontation, and the court did not submit the lesser counts based solely on the second confrontation or later resulting injuries. Thus, there is no way of knowing whether acquittal of the top count was based on a finding of justification.

At the charge conference, defense counsel abandoned the argument he raises on appeal, rendering the issue unpreserved. Nevertheless, reversal in the interest of justice is warranted. In light of this determination, we find it unnecessary to reach any other issues. Concur—Friedman, J.P., Sweeny, Saxe and Moskowitz, JJ.