People v Rowley (2016 NY Slip Op 03084)





People v Rowley


2016 NY Slip Op 03084


Decided on April 21, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2016

Tom, J.P., Acosta, Richter, Manzanet-Daniels, Gesmer, JJ.


894 3842/09

[*1]The People of the State of New York, Respondent,
v
Marc Rowley, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Eric Washer of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Edgar G. Walker, J.), rendered August 24, 2011, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 25 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the manslaughter conviction and remanding for a new trial on that charge, and otherwise affirmed.
As in People v Velez (131 AD3d 129 [1st Dept 2015]), reversal in the interest of justice is warranted by the court's failure to convey to the jury, either directly or indirectly, in any part of its charge, that an acquittal on the top count of murder in the second degree based on a finding of justification would preclude consideration of the two lesser homicide charges. While the jury may have acquitted on the top charge without relying on defendant's justification defense, it is nevertheless "impossible to discern whether acquittal of the top count . . . was based on the jurors' finding of justification so as to mandate acquittal on the two lesser counts" (id. at 133; see also People v Colasuonno, 135 AD3d 418 [1st Dept 2016]).
However, the charging error relating to the homicide counts does not affect the weapon possession conviction, and we do not find that any of defendant's remaining claims warrant reversal of that conviction, or a reduction of the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 21, 2016
CLERK