■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDY RODRIGUEZ, Appellant. [39 NYS3d 416]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered July 18, 2010, as amended August 19, 2010 and November 18, 2010, convicting defendant, after a jury trial, of manslaughter in the first degree and assault in the first degree, and sentencing him to consecutive terms of 25 years and 15 years, respectively, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

As in *People v Velez* (131 AD3d 129 [1st Dept 2015]), reversal in the interest of justice is warranted by the court's failure to convey to the jury, directly or indirectly, in any part of its charge, that an acquittal on the top counts, regarding the respective victims, of murder in the second degree and attempted murder in the second degree based on a finding of justification would preclude consideration of the lesser manslaughter and assault charges. While the jury may have acquitted on the top charge without relying on defendant's justification defense in connection with one or both victims, it is nevertheless "impossible to discern whether acquittal of the top count . . . was based on the jurors' finding of justification so as to mandate acquittal on the two lesser counts" (*id.* at 133; *see also People v Rowley*, 138 AD3d 577 [1st Dept 2016], *lv denied* 27 NY3d 1138 [2016]; *People v Colasuonno*, 135 AD3d 418 [1st Dept 2016]).

In light of this determination, we find it unnecessary to reach any other issues, except that we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence, and we therefore reject defendant's argument that the manslaughter count should be dismissed. Concur— Mazzarelli, J.P., Sweeny, Acosta, Moskowitz and Gesmer, JJ.