THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAO DELIN, Also Known as DE LIN SHAO, Appellant. [43 NYS3d 47]—

Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered April 4, 2013, convicting defendant, after a jury trial, of assault in the first and second degrees, and sentencing him to an aggregate term of 10 years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

As in cases such as *People v Velez* (131 AD3d 129 [1st Dept 2015]), the court's charge did not convey to the jury that an acquittal on the top count of attempted murder based on a finding of justification would preclude consideration of the other charges.

In addition, the court's charge on the use of excessive force contained a significant omission. Even if a defendant is initially justified in using deadly physical force in self-defense, he or she may not continue to use deadly physical force after the assailant no longer poses a threat (*People v Del-Debbio*, 244 AD2d 195, 195 [1st Dept 1997], *lv denied* 91 NY2d 925 [1998]). However, in such a situation the People must prove that it was the unnecessary additional force that caused the alleged harm (*People v Hill*, 226 AD2d 309, 310 [1st Dept 1996], *lv denied* 88 NY2d 937 [1996]), which in this case was serious physical

injury. The court's charge on excessive force omitted the latter principle and thus impermissibly permitted the jury to convict defendant based upon a finding that although he was justified when he initially stabbed the complainant in the abdomen, defendant was not justified in inflicting subsequent wounds on the fleeing complainant, even if these additional wounds did not constitute serious physical injury. Although the parties dispute whether the additional wounds were serious, the jury could reasonably have concluded that they were not. It cannot be determined whether the jury found that defendant's conduct was not justified because he was the initial aggressor or because, although not the initial aggressor, he subsequently used unnecessary physical force.

We find that the two errors in the charge were not harmless, and that they warrant reversal in the interest of justice. Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.