(October 12, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VALENTIN, Appellant. [61 NYS3d 479]—

Upon remittitur from the Court of Appeals for further consideration (29 NY3d 57 [2017]), judgment, Supreme Court, Bronx County (Robert A. Sackett, J.), rendered September 28, 2011, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to a term of 20 years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

In his 2015 appeal to this Court, defendant argued, among other things, that the trial court, under the facts of this case, erred by including an initial aggressor instruction in the justification charge (*see* Penal Law § 35.15). A majority of this Court, with one Justice dissenting, agreed, holding that the jury "could not have reasonably found that defendant was the initial aggressor because the evidence does not support such a conclusion" (128 AD3d 428, 428 [1st Dept 2015]). We further held that the error was not harmless, reasoning that "[d]efendant's justification defense presented a close question of whether defendant had a reasonable basis for his use of deadly force, and the charging error could have affected the verdict because the jury might have concluded that defendant was the initial aggressor and, thus, not entitled to a justification defense" (*id.* at 429). Because we reversed the judgment of conviction and remanded the matter for a new trial, we did not address defendant's contentions that (1) the court erred by failing to instruct the jury that if it acquitted defendant of the count of murder in the second degree based on the justification defense, the jury was not to consider the lesser included offense of manslaughter in the first degree, and (2) the sentence was excessive.

The dissenting Justice granted leave to appeal (2015 NY Slip Op 87471[U]), and a majority of the Court of Appeals reversed on the ground that "[i]n the context of [the] self-defense charge, an initial aggressor [charge] was warranted because the charge was requested and there was an issue of fact on the point" (29 NY3d 57, 61 [2017]). The matter was remitted to this Court for consideration of the issues raised but not determined.

Upon remittitur, we find that defendant is entitled to a new trial. As in *People v Kareem* (148 AD3d 550 [1st Dept 2017], *lv dismissed* 29 NY3d 1033 [2017]) and *People v Velez* (131 AD3d 129 [1st Dept 2015]), "the court's jury charge failed to convey that an acquittal on the top count . . . based on a finding of justification would preclude consideration of the remaining charges" (*Kareem*, 148 AD3d at 551).

We find that this error was not harmless and warrants reversal in the interest of justice (*see id.*). Because we are ordering a new trial, we decline to reach defendant's remaining claim that his sentence was excessive. Concur—Acosta, P.J., Sweeny, Manzanet-Daniels and Webber, JJ.