People v Wah (2019 NY Slip Op 02973)





People v Wah


2019 NY Slip Op 02973


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


8503 1083/12

[*1]The People of the State of New York, Respondent,
v
John Hop Wah, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Tomoeh Murakami Tse of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered July 17, 2015, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of three years, reversed, on the law, and the matter remanded for a new trial.
In People v Velez (131 AD3d 129 [1st Dept 2015]), we held that, where justification is a central issue at trial, the court's instructions, as a whole, must convey that acquittal of a greater charge precludes consideration of lesser offenses that are based on the same conduct. We have consistently reversed convictions where the court's jury charge failed to comply with Velez, even where the claim was unpreserved (see e.g. People v Breckenridge, 162 AD3d 425 [1st Dept 2018], lv dismissed 32 NY3d 1169 [2018]; People v Marcucci, 158 AD3d 434 [1st Dept 2018], lv dismissed 31 NY3d 1015 [2018]; People v Valentin, 154 AD3d 474 [1st Dept 2017]; People v Santiago, 155 AD3d 506 [1st Dept 2017], lv dismissed 30 NY3d 1119 [2018]; People v Kareem, 148 AD3d 550 [1st Dept 2017]; lv dismissed 29 NY3d 1033 [2017]; People v Delin, 145 AD3d 566 [1st Dept 2016], lv dismissed 29 NY3d 996 [2017]).
Here, reversal is warranted despite the lack of preservation, because, contrary to our dissenting colleague's contention, the court's charge, as a whole, failed to properly instruct the jury that if it found defendant not guilty of first-degree assault based on a finding of justification, the jury must not consider the lesser second-degree assault counts arising from defendant's use of force. The dissent posits that the instruction here is meaningfully different from Velez in that the court "made it clear that a finding of not guilty on the basis of justification of the greater charge of assault in the first degree necessitated an acquittal on all counts." However, we have already considered and rejected the specific argument that it is proper or meaningfully different from Velez where a court employs the same language that the jury "must find the defendant not guilty on all counts" if it finds justification on the greater charge (emphasis added). This language is not sufficient to convey to the jury the "stop deliberations" principle (see Velez, 131 AD3d at 133).
We acknowledge that the instant trial was conducted in January 2014, before Velez was decided, and that the CJI and model verdict sheet were not revised until January 2018 to reflect the Velez line of cases. Reversal is warranted nonetheless (see People v Feuer, 11 AD3d 633, 634 [2d Dept 2004]). The court here included as an element of each offense that defendant was not justified, which may have led the jurors to conclude that deliberation on each crime required reconsideration of the justification defense, even if they had already acquitted defendant of the top count based on justification. Additionally, the verdict sheet directed that each charge be considered in the alternative and failed to mention justification (see People v Colasuonno, 135 AD3d 418, 420 [1st Dept 2016]). In light of this improper charge, it is impossible to discern whether acquittal of the top count was based on the jurors' finding of justification so as to mandate acquittal on the two lesser counts.
Moreover, we reject our dissenting colleague's contention that the error was harmless. The facts, as set forth at length in the dissent, do not demonstrate that there was "overwhelming evidence disproving the justification defense and no reasonable possibility that the verdict would have been different had the charge been correctly given" (People v Breckenridge, 162 AD3d at 425-426, quoting People v Petty, 7 NY3d 277, 286 [2006]). The credibility of the parties was a key component of this trial. The jury may very well have concluded that defendant's first-degree assault (with a dangerous instrument) was justified, in light of defendant's testimony that he acted in self-defense after the complainant punched him first and ripped his ear lobe, and acquitted him of the top charge, but convicted him of the lesser assault charge for some other reason.
Proper instruction, that deliberations must stop once justification is found on the top count, would prevent such a verdict (People v Velez, 131 AD3d at 133). Thus, the possibility remains that the verdict would have been different had the charge been correctly given, particularly since the evidence against defendant disproving justification was not overwhelming.
We have considered and rejected the People's arguments for affirmance.
In light of this determination, we find it unnecessary to reach defendant's remaining contentions, except that we find that the verdict is supported by legally sufficient evidence and is not against the weight of the evidence.
All concur except Webber, J. who dissents in part in a memorandum as follows:
WEBBER, J. (dissenting, in part)
I disagree that the court's charge to the jury on justification was erroneous and that a new trial is mandated. Accordingly, I would affirm the conviction in all respects.
The 63-year-old complainant, Samuel Walker, testified that he moved to the Bellevue Shelter in midtown Manhattan in July 2011. From around November 2011 until December 16, 2011, Walker shared a room at the shelter with defendant and two other men. During this period, Walker had at least two altercations with defendant, including one in which defendant attempted to take Walker's DVD player.
On the evening of December 16, 2011, when Walker returned to his room, he turned on the light and began to change his clothes. Defendant, who was in his bed, told Walker that he "can't turn the light on," and Walker responded that he had to change his clothes. Defendant got up from his bed, went over to Walker's bed, and reached for Walker's DVD player. Walker told defendant he could not have the DVD player. Walker grabbed it and bent down to put it in his locker. According to Walker, defendant then punched him on the left side of his jaw, causing him to bleed from his mouth and nose. Walker fell to the floor and was unconscious for some time. While he was on the floor, defendant hit him several times in the head, ribs, and back, with a steel-toed construction boot, which felt like a hammer. Walker tried to get up, but he was too dizzy.
Walker testified that his jaw was broken and that it was wired for a period of time after he had surgery on it. He stated that he still had numbness in his jaw and was limited to eating only soft foods. He also had to take painkillers in order to sleep at night and aspirin for pain during the day, and he still had pain in his back and could not bend over or twist his torso to either the left or the right.
Lawrence Harris, one of the other men who shared the room with defendant and Walker, testified that he was lying in his own bed in the room, almost asleep, at the time of the incident. Harris testified that he heard defendant say to Walker that someone had taken his DVD player that he had left on his bed. Walker responded, "[W]hat are you talking about?," and "You know, I don't steal." Defendant said, "[L]et me show you how I get down," and then hit Walker once. Walker fell to the floor. According to Harris, while Walker was down, defendant repeatedly kicked him for more than one minute.
Harris testified that he eventually interfered, asking defendant, "[W]hat's going on?," but when defendant told him not to "start," Harris stated that he was not going to get involved [*2]because he did not want defendant "coming after" him. According to Harris, defendant attacked Walker, and Walker never swung at defendant or even put up his hands to protect himself.
Defendant testified that he had moved into the shelter in April 2011 and had lived in the room with Walker, Harris and another man since December 2011. Defendant denied complaining to Walker about turning on the light, and claimed that, although they were not friends, there was never animosity between them.
According to defendant, he and Walker each owned a Coby brand DVD player. On December 16, 2011, defendant reluctantly allowed Walker to borrow his charger for the DVD player. When defendant entered the room, he asked Walker, who was sitting on his bed, whether he had seen his DVD player, and Walker responded that he had not seen it. When defendant demanded that Walker return the charger he had lent him, Walker stood up, stated that he did not have the DVD player, and punched defendant on his left ear, connecting with defendant's earring and ripping his ear lobe. Defendant testified that he responded aggressively and defended himself. According to defendant, they exchanged blows with their fists, and he hit Walker's face, eyes, jaw, and ribs. After defendant had punched Walker five times, Walker fell to the floor, and defendant went to his locker.
The court instructed the jurors that defendant had raised the defense of justification, that the People were required to prove beyond a reasonable doubt that defendant was not justified, and that defendant was not required to prove that he was justified. For the count of first-degree assault, the court instructed the jurors that, as a fourth element, the People were required to prove beyond a reasonable doubt that defendant was not justified in his actions. The court instructed the jurors, "[I]f you find that the People have not proved the fourth element, that is that the defendant was not justified beyond a reasonable doubt, then you must find the defendant not guilty on all counts" (emphasis added).
The court charged the jurors regarding the elements of second-degree assault under a dangerous instrument theory, including a fourth element that the People must prove beyond a reasonable doubt that defendant was not justified. Finally, the court instructed the jurors regarding second-degree assault under a theory of intent to cause physical injury, adding as a final element that the People must have proven beyond a reasonable doubt that defendant was not justified.
I disagree with the majority that this Court's rulings in People v Velez (131 AD3d 129 [1st Dept 2015]) and its progeny require reversal of the conviction.[FN1]
The court's charge made it clear that the People had the burden of proving that defendant's conduct was not justified with respect to both the greater and the lesser offenses (see People v Bolling, 24 AD3d 1195, 1196-1197 [4th Dept 2005], affd 7 NY3d 874 [2006]; People v White, 66 AD3d 585 [1st Dept 2009], lv denied 14 NY3d 807 [2010]). The court carefully instructed the jury that if they found that the People had not proven the fourth element, which the court had previously identified as justification, "that is that the defendant was justified beyond a reasonable doubt," then they must find defendant not guilty on all counts. This was clearly an admonishment to the jurors that if they found that defendant was justified when they considered assault in the first degree, they must find him not guilty on "all counts" (see People v Moore, 85 AD3d 446 [1st Dept 2011], lv denied 19 NY3d 976 [2012]).
The court made it clear that a finding of not guilty on the basis of justification of the greater charge of assault in the first degree necessitated an acquittal on all counts, something that this Court in Velez found that the trial court had failed to do.
Further, in my opinion, any error in the charge to the jury was harmless as "there was overwhelming evidence disproving the justification defense and no reasonable possibility that the verdict would have been different had the charge been correctly given" (People v Petty, 7 NY3d 277, 286 [2006]; People v Jones, 3 NY3d 491, 497 [2004]). We have specifically stated in [*3]numerous decisions that the Velez error was not harmless, suggesting that under certain facts a Velez error may be found harmless (see People v Flores, 145 AD3d 568, 569 [1st Dept 2016], lv dismissed 29 NY3d 997 [2017]; People v Delin, 145 AD3d 566, 567 [1st Dept 2016], lv dismissed 29 NY3d 996 [2017]; People v Marcucci, 158 AD3d 434 [1st Dept 2018], lv dismissed 31 NY3d 1015 [2018]; People v Valentin, 154 AD3d 474, 475 [1st Dept 2017]). In my opinion, the facts in this case support such a finding.
Walker and Harris both testified that defendant attacked Walker. According to their testimony, defendant punched Walker, causing him to fall to the floor, at which time defendant continued to punch and kick him. Harris testified that Walker never swung at defendant and never even put up his hands to defend himself. Defendant's own testimony was that he intended to do serious harm to Walker, that he struck Walker repeatedly in the face, eyes, jaw, and ribs, in order to hurt Walker and to "bring him down." Defendant testified that during the two-minute fight, he was able to deflect most of Walker's punches, and that Walker was "in no position to handle" him. Even accepting defendant's testimony that Walker punched him in the ear, connecting with defendant's earring and ripping his ear lobe, Walker's alleged actions would not have justified the deadly physical force admittedly used by defendant to "defend[ ] [him]self." In my opinion, the evidence more than supports the conclusion that the jury considered and rejected the defense of justification.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK



Footnotes

Footnote 1:It should be noted that the instant trial was conducted prior to Velez and prior to the January 2018 revision to the CJI charge on justification.