People v Richardson (2019 NY Slip Op 05941)





People v Richardson


2019 NY Slip Op 05941


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


715 KA 16-01477

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JARVIS RICHARDSON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered August 17, 2016. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [1]), defendant contends that County Court erred in denying his request to charge the jury on the defense of justification insofar as it applied to the use of force in defense of a third person. We reject that contention. Viewing the record in the light most favorable to defendant, as we must (see People v Reynoso, 73 NY2d 816, 818 [1988]), we conclude that there is no reasonable view of the evidence from which the jury could have found that defendant reasonably believed that the victim, a 59-year-old unarmed man, presented a risk of imminent harm to defendant's mother, who, at the time of the assault, was inside her residence, several blocks away from the scene of the assault (see People v Adams, 259 AD2d 299, 299 [1st Dept 1999], lv denied 93 NY2d 922 [1999]; cf. People v Rivera, 138 AD2d 169, 174 [1st Dept 1988], lv denied 72 NY2d 923 [1988], amended on other grounds 143 AD2d 601 [1st Dept 1988]; People v Emick, 103 AD2d 643, 656 [4th Dept 1984]). Although the victim had struck defendant's mother earlier that day, causing minor injuries, and then had allegedly called her on the telephone and threatened to kill her, there was no evidence that any " threatened harm [to defendant's mother was] imminent' " (People v Jones, 142 AD3d 1383, 1384 [4th Dept 2016], lv denied 28 NY3d 1073 [2016]), and "any conduct by the victim that might have been a basis for a justification defense [related to defendant's mother] had abated by the time defendant committed the assault" (People v Sparks, 132 AD3d 513, 514 [1st Dept 2015], affd 29 NY3d 932 [2017]).
We also reject defendant's further contention that his retained trial attorney was ineffective in failing to request a justification charge with respect to defense of self. In his statements to law enforcement and his testimony at trial, defendant asserted that, when he confronted the victim about the earlier assault of his mother, the victim assumed an "aggressive stance" and swung at defendant, who was a taller and much younger man with an "athletic build." Even assuming, arguendo, that such a charge, if requested, would have been warranted under these circumstances, we conclude that defendant has failed to establish "the absence of strategic or other legitimate explanations" for defense counsel's action (People v Rivera, 71 NY2d 705, 709 [1988]). Throughout the trial, defense counsel pursued a theory that defendant punched the victim twice, but left him responsive, conscious, and relatively uninjured in a high crime area where a second person then preyed upon the victim, causing the victim's significant injuries. That defense was buttressed by eyewitness testimony that the person seen "stomping" on the victim at least 19 or 20 times was wearing different clothing from defendant. We thus [*2]conclude that "defense counsel's decision to advance the misidentification defense was consistent with strategic decisions of a reasonably competent attorney" (People v Ortiz, 167 AD3d 1562, 1563 [4th Dept 2018], lv denied 33 NY3d 979 [2019] [internal quotation marks omitted], quoting People v Benevento, 91 NY2d 708, 712 [1998]) inasmuch as the justification in defense of self charge "would have been weak, at best, and . . . might have undermined a stronger defense" (People v Rhodes, 281 AD2d 225, 226 [1st Dept 2001], lv denied 96 NY2d 906 [2001]; see People v Davis, 293 AD2d 486, 486 [2d Dept 2002], lv denied 98 NY2d 674 [2002]).
To the extent that defendant contends that the court should have charged justification in defense of self even in the absence of a request, we conclude that the " court did not err in refraining from delivering such a charge sua sponte, as this would have improperly interfered with defense counsel's strategy' " (People v Patterson, 115 AD3d 1174, 1176-1177 [4th Dept 2014], lv denied 23 NY3d 1066 [2014]; see People v Johnson, 136 AD3d 1338, 1339 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]).
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court