People v Neri (2019 NY Slip Op 07326)





People v Neri


2019 NY Slip Op 07326


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10035 645/13

[*1] The People of the State of New York, Respondent,
v
Rodrigo Neri, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lorca Morello of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (David A. Slott of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered December 5, 2014, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of six months, concurrent with five years' probation, unanimously affirmed.
The verdict was not against the weight of the evidence (see generally People v Danielson, 9 NY3d 342, 348-49 [2007]). The evidence in this case amply supports the conclusion that defendant caused physical injury within the meaning of Penal Law § 10.00(9) by cutting the victim's face. The victim's scar constituted, at least, an impairment of physical condition (see People v Clarke, 157 AD3d 616, 616-17 [1st Dept 2018], lv denied 31 NY3d 1080 [2018]), and it may be reasonably inferred that the knife cut caused "more than slight or trivial pain" (People v Montgomery, 173 AD3d 627, 628 [1st Dept 2019]).
The court properly declined to instruct the jury on the defense of justification for the charges that related to defendant's slashing of the victim with a knife, because there was no reasonable view of the evidence, when viewed most favorably to defendant, to support either the objective or subjective components of that defense. At the time of the slashing, any threat posed by the victim had abated because defendant had not only disarmed the victim, but had rendered him apparently unconscious (see People v Sparks, 132 AD3d 513, 514 [1st Dept 2015], affd 29 NY3d 932 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK