People v Kareem (2021 NY Slip Op 00265)





People v Kareem


2021 NY Slip Op 00265


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Ind No. 2368/17 2368/17 Appeal No. 12917 Case No. 2019-1970 

[*1]The People of the State of New York, Respondent,
v
Kevin Kareem, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered December 12, 2018, convicting defendant, after a jury trial, of attempted assault in the first degree, and sentencing him to a term of five years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations, including as to the parties' medical experts. The evidence supports the conclusion that defendant stomped on the victim's head with a boot, which constituted a dangerous instrument under the circumstances of its use, and that in doing so defendant intended to cause serious physical injury. The fact that defendant was acquitted of another charge does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
The court correctly declined to instruct the jury on the justified use of deadly physical force, because there was no reasonable view of the evidence, viewed most favorably to defendant, to support either the objective or subjective components of that defense. All of the eyewitnesses' testimony established that during an altercation between defendant and the victim, defendant punched the victim, causing him to fall onto the sidewalk, where he remained. Any threat the victim might have initially posed to defendant was negated by the victim's evidently helpless state when he was lying on the ground and barely moving, at which point defendant committed the sole charged conduct of stomping on his head with a boot (see People v Sparks, 132 AD3d 513, 514 [1st Dept 2015], affd 29 NY3d 932 [2017]).
Defendant did not preserve his claim that the court should have charged the jury on the justified use of nondeadly force, and we decline to review it in the interest of justice. Defendant concedes that his counsel requested only a deadly force charge, and defendant's argument that the court's ruling preserved the ordinary force argument is unsupported by the record. As an alternative holding, we find that this was not a "rare case" where defendant was "entitled to a jury instruction on the justified use of non-deadly (or 'ordinary') physical force, even though [he was] charged with a crime containing a dangerous instrument element" (People v Vega, 33 NY3d 1002, 1004 [2019]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not fully explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 [*2]US 668 [1984]). Defendant has not shown that, given the evidence and the crimes charged, it fell below an objective standard of reasonableness when counsel did not request the submission of attempted second-degree assault as a lesser included offense (see People v Vasquez, 103 AD3d 460, 462 [1st Dept 2013], lv denied 21 NY3d 1046 [2013]), or did not request for a charge on the justified use of nondeadly force (see Vega, 33 NY3d at 1004), or that these alleged deficiencies deprived defendant of a fair trial or affected the outcome of the case.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021