People v Coggins
2026 NY Slip Op 03912
June 23, 2026
Court of Appeals
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People & c., Respondent,
v
Tonie Coggins, Appellant.

Decided on June 23, 2026
No. 57

Samuel Barr, for appellant.
Peter Rienzi, for respondent.

Troutman, J. (Dissenting):

[*1]
MEMORANDUM:
The order of the Appellate Division should be affirmed.
Defendant and the victim engaged in a physical altercation outside the victim's apartment building. The building's surveillance system captured video footage of the altercation, but that footage became unavailable when it was deleted in accordance with the 30-day retention policy of the building's security company. A copy of the surveillance footage made by a responding police officer on his department-issued cellphone was also destroyed when that phone was turned in to be upgraded. As a result, prior to trial, the People sought to introduce testimony from several individuals who had not personally observed the fight, but who had viewed the surveillance footage of the fight in the building's security office. Defendant objected, arguing, among other things, that the testimony should be precluded under the best evidence rule.
Following an extensive pretrial hearing at which the circumstances of the destruction of the videos were explained and each of the witnesses testified to what they observed on the surveillance footage, the trial court ruled that the testimony was admissible. The court concluded that no copy of the surveillance footage was available and that there was no bad faith in the destruction of the video or the cellphone copy. The court further concluded that the witnesses were able to substantially and accurately recount the contents of the video. The court acknowledged that [*2]the witnesses' testimony was inconsistent in certain respects as to their observations and recollections, but deemed the discrepancies consistent with what would be expected from any group of multiple witnesses to an event. However, to address the loss of the cellphone copy of the video due to mistakes made by law enforcement, the court gave the jury a permissive adverse inference charge.
"Under a long-recognized exception to the best evidence rule, secondary evidence of the contents of an unproduced original may be admitted upon threshold factual findings by the trial court that the proponent of the substitute has sufficiently explained the unavailability of the primary evidence and has not procured its loss or destruction in bad faith" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 644 [1994] [internal citations omitted]). If the absence of the original is deemed excused, the proponent of the secondary evidence still "has the heavy burden of establishing, preliminarily to the court's satisfaction, that it is a reliable and accurate portrayal of the original" (id. at 645).
Since the parties do not dispute that a video can be a "writing" subject to the best evidence rule, we assume without deciding that that proposition is correct for purposes of this appeal. Under the circumstances presented, there was no abuse of discretion in the trial court's determination, following a thorough hearing, that the witnesses could testify to their observations of the lost surveillance footage.
Defendant's remaining contention is without merit.
Troutman, J. (Dissenting):

I respectfully dissent. The testimony of the witnesses who watched the unpreserved video recording before it was destroyed failed to meet the standards of reliability and accuracy that we require to admit secondary evidence under the exception to the best evidence rule. Although the decision whether to admit such testimony is committed to the trial court's sound discretion, Supreme Court abused its discretion in allowing the testimony here.
The best evidence rule traditionally "requires the production of an original writing where its contents are in dispute and sought to be proven" (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643 [1994]) and, in its contemporary form, applies not only to written documents but to modern methods of storing and retrieving data (see id. at 645).FN1 Under a longstanding exception to the rule, secondary evidence of the contents of an original may be [*3]admissible upon threshold factual findings that the proponent of the secondary evidence has sufficiently explained the original's unavailability and has not procured its unavailability in bad faith (see id. at 644). Even then, the secondary evidence may not be admitted unless the proponent satisfies its "heavy burden" of establishing that the secondary evidence "is a reliable and accurate portrayal of the original" (id. at 645). Oral testimony may be admitted as secondary evidence only if "the witness is able to recount or recite, from personal knowledge, 'substantially and with reasonable accuracy' all of" the contents of the original (id. at 645-646).
As the majority explains, Supreme Court conducted a thorough pretrial hearing, where defendant argued that admission of the testimony proffered by the People violated, inter alia, the best evidence rule. The court considered the testimony of seven witnesses who had the opportunity to watch the video recording before it became unavailable, at least six of whom had not witnessed in person the events depicted in the video. The witnesses generally agreed on certain aspects of the recording's contents: defendant approached the victim outside the victim's apartment building, they exchanged punches, defendant took the victim to the ground and landed a final blow, and the entire incident was over in 30 to 40 seconds.
But the testimony was deficient in key respects. Of the seven witnesses, five testified that they could not tell or recall who threw the first punch, and the other two witnesses contradicted each other on that point. That detail was critical for evaluating defendant's justification defense because, assuming defendant was unjustified in landing some final blow, to convict defendant on the count charging assault in the second degree, the People were required to prove that she was unjustified in landing the blow that caused the serious physical injury to the victim (see People v Delin, 145 AD3d 566, 566-567 [1st Dept 2016], lv dismissed 29 NY3d 996 [2017]). There were also discrepancies in the testimony concerning what occurred after defendant took the victim to the ground: four witnesses recalled that defendant kicked the victim in the head, one recalled two kicks to the midsection, another recalled some sort of final blow but not necessarily a kick, and the seventh testified that defendant did not hit the victim after taking her to the ground. Those details are also critical for evaluating the justification defense because, assuming defendant was justified when the fight began, she would not have been justified in kicking or punching the victim in the head after the victim ceased to be a threat (see generally People v Sparks, 29 NY3d 932, 934-935 [2017], affg 132 AD3d 513, 513-514 [1st Dept 2015]).
To be sure, discrepancies are naturally to be expected where several witnesses testify to the same event, and the existence of discrepancies unrelated to core issues may to some extent support a finding of reliability of the collective testimony, but it does so at the expense of accuracy. Courts evaluating testimony under the exception to the best evidence rule must be cautious to ensure that the testimony represents a reasonably accurate portrayal of the material details of the unavailable original. Because the witnesses were unable to recount and gave conflicting accounts of core details of the video recording that were critical for evaluating the justification defense, Supreme Court abused its discretion by admitting their testimony under the exception to the best evidence rule.
Order affirmed, in a memorandum. Judges Garcia, Singas, Cannataro and Halligan concur. Judge Troutman dissents in an opinion, in which Chief Judge Wilson and Judge Rivera concur.
Decided June 23, 2026

Footnotes

Footnote 1
As the majority observes, the parties do not dispute that the best evidence rule applies to the video recording at issue here (see majority op. at 3).